-                    **IN THE UNITED STATES DISTRICT COURT**
                     **FOR THE WESTERN DISTRICT OF TEXAS**
                              **AUSTIN DIVISION**

**JAMES ROGERS**                    §
                                    §
**V.**                              §              **A-06-CA-159 LY**
                                    §
**JO ANNE B. BARNHART,**            §
**COMMISSIONER OF THE**             §
**SOCIAL SECURITY ADMINISTRATION**  §


                      **REPORT AND RECOMMENDATION**
                  **OF THE UNITED STATED MAGISTRATE JUDGE**

TO:    THE HONORABLE LEE YEAKEL
       UNITED STATES DISTRICT JUDGE

       Before the Court are Plaintiff's Request to Reverse or in the Alternative to Remand the Final

Decision of the Social Security Commissioner (Clerk's Docket No. 6), filed on November 13, 2006,

and Defendant's Brief in Support of the Commissioner's Decision (Clerk's Docket No. 7), filed on

December 11, 2006.  Also, before the Court is the Social Security Record filed in this case. (Cited

as Tr.)

       The Magistrate Court submits this Report and Recommendation to the United States District

Court pursuant to 28 U.S.C. § 636(b) and Rule 1(h) of Appendix C of the Local Court Rules of the

United States District Court for the Western District of Texas, Local Rules for the Assignment of

Duties to United States Magistrate Judges.

                            **I.  PROCEDURAL HISTORY**

       On February 13, 2001, Plaintiff James Rogers ("Plaintiff") filed his Applications for Social

Security Disability Insurance Benefits ("DIB") alleging that he became unable to work on July 19,

1999, due to chest pain, swelling in the feet and legs, as well as back and hip pain.  On January 16,

2004, after a hearing, an Administrative Law Judge ("ALJ") issued a decision finding that Plaintiff was not under a disability as defined by the Social Security Act.  On September 23, 2005, the Appeals Council concluded that there was no basis for review and that the ALJ's decision was the "final decision of the Commissioner of Social Security."

On March 3, 2006, Plaintiff filed the instant lawsuit pursuant to 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of the Social Security Administration ("Commissioner") denying Plaintiff's application for DIB benefits.  Plaintiff contends that the ALJ's decision that Plaintiff was not disabled within the meaning of the Social Security Act is not supported by substantial evidence and is not based upon the proper legal standards.  Specifically, Plaintiff argues that (1) the ALJ failed to give proper weight to the opinions of his treating and examining physicians, and (2) the ALJ's conclusion that Plaintiff could perform a significant number of jobs was erroneous in light of Plaintiff's impairments.

## II.  STANDARD OF REVIEW

In Social Security disability appeals, the limited role of the reviewing court is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and whether the Commissioner applied the proper legal standard.  *Kinash v. Callahan*, 129 F.3d 736, 738 (5th Cir. 1997); *Brock v. Chater*, 84 F.3d 726, 728 (5th Cir. 1996); *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995).  "Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Villa v. Sullivan*, 895 F.2d 1019, 1021-22 (5th Cir. 1990) (quoting *Hames v. Heckler*, 707 F.2d 162, 164 (5th Cir. 1983)).  Courts weigh four elements of proof when determining whether

there is substantial evidence of a disability: (1) objective medical facts; (2) diagnoses and opinions of treating and examining physicians; (3) the claimant's subjective evidence of pain and disability; and (4) her age, education, and work history. *Martinez v. Chater*, 64 F.3d 172, 174 (5th Cir. 1995). However, the reviewing court cannot re-weigh the evidence, but may only scrutinize the record to determine whether it contains substantial evidence to support the Commissioner's decision. *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995). "The Commissioner, rather than the courts, must resolve conflicts in the evidence." *Martinez*, 64 F.3d at 174. If supported by substantial evidence, the Commissioner's findings are conclusive and are to be affirmed. *Crowley v. Apfel*, 197 F.3d 194, 197 (5th Cir. 1999).

## III. ANALYSIS

### A.   The Process of Determining Whether a Claimant is Disabled

The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). To determine whether a claimant is disabled, and thus entitled to disability benefits, a five-step analysis is employed. 20 C.F.R. § 404.1520 (1999). First, the claimant must not be presently working at any substantial gainful activity.[1] Second, the claimant must have an impairment of combination of impairments that is severe. An impairment or combination of impairments is "severe" if it "significantly limits [a

---

[1] Substantial gainful activity is work activity that is both substantial and gainful. Substantial work activity is work activity that involves doing significant physical or mental activities. Gainful work activity is work activity that an individual performs for pay or profit. 20 C.F.R. 416.972.

claimant's] physical or mental ability to do basic work activities." 20 C.F.R. § 404.1520(c).  Third, the claimant's impairment must meet or equal an impairment listed in the appendix to the regulations.  Fourth, the impairment must prevent the claimant from returning to her past relevant work.  Fifth, the impairment must prevent the claimant from doing any relevant work, considering the claimant's residual functional capacity, age, education, and past work experience.  20 C.F.R. § 404.1520.

At steps one through four, the burden of proof rests upon the claimant to show she is disabled. *Crowley*, 197 F.3d at 198.  If the claimant acquits her responsibility, at step five the burden shifts to the Commissioner to show that there is other gainful employment that claimant is capable of performing in spite of her existing impairments. *Id.*  If the Commissioner meets this burden, the claimant must then prove she in fact cannot perform the alternate work. *Id.*

**B.     The hearing before the ALJ**

As noted, Plaintiff asserts that he has been unable to engage in substantial work activity since July 19, 1999, due to chest pain, swelling in his feet and hands, as well as back and hip pain.  The ALJ held a hearing on Plaintiff's Application for benefits on October 16, 2003.  The Plaintiff, a medical expert, Dr. Lloyd Jones, M.D., and a vocational expert, Tom King, testified at the hearing. Plaintiff was represented at the hearing by non-attorney Beverley Blakleye.

1.     Plaintiff's Testimony

The Plaintiff testified that he was 58 years-old at the time of the hearing and that he has a 12th grade education.  Plaintiff was employed as a correctional officer at Giddings State School for 26 years until he stopped working in July 1999 due to his alleged back pain.  Plaintiff testified that he

4

suffered a serious work-related back injury after he slipped and fell on a wet floor at the Giddings State School, on February 17, 1999.  Plaintiff testified that he attempted to continue working as a correctional officer for several months but that he ultimately had to quit due to the severe pain. Plaintiff testified that he is no longer able to work at any job due to severe back pain and pain and swelling in his feet, ankles and legs.  Plaintiff testified that he continues to receive physical therapy for his back injury.

Plaintiff further testified that his medications for pain and hypertension cause him to experience drowsiness, nausea and dizziness. Plaintiff also testified that he experiences blackouts every three to four months.  Plaintiff testified that he is no longer able to do much of anything around the house due to the constant pain.  Plaintiff further testified that he spends most days watching television or reading.

    2.    Medical Expert's Testimony

The Medical Expert, Dr. Lloyd Jones, M.D., testified that although Plaintiff has severe impairments of hypertensive cardiovascular disease, chronic low back pain, and a history of dizziness and syncopal episodes,[2]  none of his impairments meet the Listing of Impairments.  Dr. Jones also testified that the high dosage of Plaintiff's anti-hypertensive medication could possibly produce syncopal episodes and dizziness.

---

[2]Syncopic episodes are periods of loss of consciousness and postural tone caused by diminished cerebral blood flow. Stedman's Medical Dictionary 1745 (27th ed. 2000).

3.     Vocational Expert's Testimony

The Vocational Expert, Tom King, testified that Plaintiff's past relevant work as a correctional officer would be classified as semi-skilled work at the medium exertion level. Mr. King testified that a hypothetical individual with Plaintiff's work and educational history, who was restricted to light work that did not involve "significant unprotected heights" or "potentially dangerous unguarded moving machinery," would have transferable skills to other light, semi-skilled work such as working as a gate guard, case aide, and security monitor. However, Mr. King also testified that the same hypothetical individual would *not* be able to perform the above-jobs if that individual was also prone to blackouts, drowsiness and inability to concentrate.

**C.     The ALJ's Decision**

On January 16, 2004, the ALJ issued his opinion finding that Plaintiff was not disabled under the Social Security Act. Specifically, the ALJ determined that Plaintiff has severe medical impairments of hypertensive cardiovascular disease, a history of low back pain and a history of syncopal episodes, but that such impairments did not meet the medical criteria of any impairment found in the Listing of Impairments, 20 C.F.R. Part 404, Subpart P, Appendix 1. The ALJ further found that Plaintiff's subjective complaints and alleged functional limitations were not fully credible and were not supported by the medical evidence. The ALJ opined that Plaintiff retained the residual functional capacity to perform a light level of work that did not involve working "around any significant unprotected heights, as well as potentially dangerous, unguarded machinery." Tr. 24. Although the ALJ found that Plaintiff could not perform his past relevant work as a correctional officer, the ALJ concluded that Plaintiff could perform a significant range of light work in the

6

national economy, such as working as a gate guard, a case-aide, and a security monitor.  Thus, the ALJ concluded that Plaintiff was not disabled under the Social Security Act.

**D.      Plaintiff's Claims**

Plaintiff argues that the ALJ's opinion was not based on substantial evidence and was not based on the proper legal standards because the ALJ failed to give proper weight to the records and opinions of his treating and examining physicians and failed to properly consider Plaintiff's impairments in his finding that Plaintiff could perform a significant number of jobs in the national economy.

**1.      <u>Plaintiff's Treating Physicians' Opinions</u>**

During the hearing before the ALJ, Plaintiff's representative, Beverly Blakleye requested that she be permitted to submit additional medical evidence after the hearing from Dr. Frank Leal, Plaintiff's primary treating physician, which she said would support Plaintiff's claim of disability during the relevant disability time period.  The ALJ gave Ms. Blakleye ten days in which to submit a written request to the Commissioner to subpoena the medical records from Dr. Leal.  After submitting the request, Dr. Leal sent Ms. Blakleye the requested medical records (on October 28, 2002), which she immediately forwarded to the ALJ.  Tr. 13.  Notably, these medical records contain numerous notations by Dr. Leal that Plaintiff is disabled and unable to return to work. *See e.g.*, Tr.276 ("Patient is disabled and has been disabled"); Tr. 279 ("The patient clearly is disabled and has chronic pain and is unable to work because of his chronic low back pain.").  In addition, these records also contain opinions from other examining physicians which also support Plaintiff's claim

of disability.[3]   However, it appears that the ALJ never received these medical records and thus did

not consider them in making his disability determination in the case.  *See* ALJ's Decision at 1, Tr.

19; Tr. 265.  Based on the ALJ's failure to review these additional material medical records, Plaintiff

requested that the Appeal's Council remand the case to the ALJ in order for him to consider the

newly submitted medical evidence.  Although the Appeals Council stated that it was making the

evidence part of the record in the case, Tr. 8, the Council did not specifically address Dr. Leal's

opinions and ultimately denied Plaintiff's Request for Review.  *See* Tr. 5-7.  The Court agrees with

the Plaintiff that this case should be remanded to the ALJ for consideration of the post-hearing

submitted medical evidence.

In reviewing final agency decisions concerning Social Security benefits, a district court may

remand a case to the Commissioner under sentence four of 42 U.S.C. § 405(g) in order to ensure that

the Commissioner properly considers Plaintiff's claim of disability.  *See Buckner v. Apfel*, 213 F.3d

1006, 1010 (8th Cir. 2000) (finding that district court's remand should have been pursuant to sentence

four, where purpose of the remand was to prompt additional fact finding and further evaluation of

the existing facts).  Accordingly, the Magistrate Court RECOMMENDS that the District Court

Remand this case to the Social Security Commissioner for further administrative proceedings

pursuant to sentence four of 42 U.S.C. § 405(g).  On remand, the Court directs the ALJ to

specifically consider the post-hearing submitted medical records (Tr. 267-299) and follow the

guidelines for the consideration of a claimant's treating physician's opinions contained in the Social

---

[3]*See e.g.,*  Tr. 271 (Dr. Lobb's finding that Plaintiff has chronic pain syndrome and lumbar degenerative disc disease); Tr. 275 (Dr. Urbina's finding that Plaintiff has hypertension, depression, and gouty arthritis).

Security Regulations, 20 C.F.R. § 404.1527(d)(2) and SSR 96-2p. *See also*, *Myers v. Apfel*, 238 F.3d 617 (5th Cir. 2001); *Newton v. Apfel*, 209 F.3d 448 (5th Cir. 2000).

A district court remanding a case pursuant to sentence four of § 405(g) must enter judgment in the case, and may not retain jurisdiction over the administrative proceedings on remand. *Shalala v. Schaefer*, 509 U.S. 292, 297 (1993). *See also, Istre v. Apfel*, 208 F.3d 517, 520-521 (5th Cir. 2000) (a sentence four remand must include a substantive ruling affirming, modifying or reversing the Secretary's decision). Therefore, the Magistrate Court FURTHER RECOMMENDS that the District Court reverse the Commissioner's decision and enter judgment in this case on behalf of the Plaintiff.

## IV. RECOMMENDATION

The Magistrate Court RECOMMENDS that the District Court REMAND this case to the Social Security Commissioner for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g). The Magistrate Court FURTHER RECOMMENDS that the District Court enter Judgment in this case on behalf of the Plaintiff.

## V. WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *Battles v. United States Parole Comm'n,* 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within ten (10) days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain

error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-153, 106 S. Ct. 466, 472-74 (1985); *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 22nd day of March, 2007.

_____

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE